1  J. William Koegel, Jr. (*pro hac vice*)
   W. Chelsea Chen (State Bar No. 161832)
2  STEPTOE & JOHNSON LLP
   1330 Connecticut Avenue, N.W.
3  Washington, D.C. 20036
   (202) 429-3000
4  (202) 429-3902 (Facsimile)

5  Robert H. Sloss (State Bar No. 87757)
   Doug Dexter (State Bar No. 115868)
6  FARELLA BRAUN & MARTEL LLP
   Russ Building
7  235 Montgomery Street
   San Francisco, CA 94104
8  (415) 954-4400
   (415) 954-4480 (Facsimile)

9  Attorneys for Defendants/Counterclaimants
   COE NEWNES/McGEHEE ULC,
10 THE COE MANUFACTURING COMPANY, and
   BRIAN ESHER

11

12                      UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO DIVISION

15

16 RONALD W. McGEHEE, an individual;   ) Case No.: C-03-5145 MJJ
   and McGEHEE DEVELOPMENT             )
17 COMPANY, LLC, a California limited  )
   liability company,                  ) [~~PROPOSED~~] REVISED PROTECTIVE
18                                     ) ORDER RE CONFIDENTIAL
              Plaintiffs/Counterdefendants, ) INFORMATION
19                                     )
       vs.                             )
20                                     )
   CAE McGEHEE, INC., a California     )
21 corporation; COE NEWNES/McGEHEE    )
   ULC, a Canadian unlimited liability )
22 company; and DOES 1-50,            )
                                       )
23       Defendants/Counterclaimant.   )
                                       )
24       and Related Counterclaims.    )

25       With reference to the Court's Order re Discovery Dispute Over Protective Order dated

26 May 19, 2004, and given the addition of new parties to this action (Defendants The Coe

27 Manufacturing Company and Brian Esher), the following Protective Order is entered for the

28

                                           1
                [~~Proposed~~] Revised Protective Order re Confidential Information
                                    C-03-5145 MJJ

purpose of adding those parties' names to the Certification of Confidentiality referenced herein[1]:

1. This Protective Order ("Order") shall govern the use and disclosure of all information produced by or on behalf of any party, or by any third party who so chooses, in any deposition, interrogatory, request for admission, document production, or any other disclosure or discovery proceeding in this action. Information produced in discovery, including initial disclosures, shall only be used for the purposes of preparing for and conducting this action (including any appeals or retrials) and only as provided in this Order.

2.a. <u>Confidential Information</u>. The designation "Confidential Information" shall be limited to information that is private, non-public information, a trade secret or other confidential research, development or commercial information, and is generally treated as confidential or proprietary by the designating party. "Confidential Information" may include non-public information regarding inventions, patent rights, personnel data, or information obtained from third parties pursuant to a non-disclosure agreement (however, the entry of this Order shall not obligate a party to produce such information without the third party's express consent).

2.b. <u>Confidential–Attorneys' Eyes Only Information</u>. The designation "Confidential–Attorneys' Eyes Only" shall be limited to information that is *highly sensitive* commercial or competitive information, including information relating to (i) pricing and margin analysis; (ii) inventory and unreleased products; (iii) customer identities (including the names of key contacts) and customer product information; (iv) financial data and tax records; and (v) competitive marketing plans or strategies. However, the designation "Confidential–Attorneys' Eyes Only" may not be used for any information that relates to the "Optimizing Planer Invention" allegedly developed by plaintiffs as described in the Complaint ¶¶ 15-16 (*see also* Second Amended Complaint ¶¶ 23-24). The parties are hereby ORDERED to use the "Confidential–Attorneys' Eyes Only" designation sparingly.

---

[1] Except for the addition of The Coe Manufacturing Company and Brian Esher to the Certification of Confidentiality in paragraph 5, this Revised Protective Order is substantively identical to the Protective Order re Confidential Information that the Court entered on June 8, 2004. The parties agree that the June 8, 2004 Protective Order has governed all information produced (and designated as Confidential or Confidential–Attorneys' Eyes Only) by The Coe Manufacturing Company or Brian Esher in this action.

1      3.    <u>Designation of Information</u>. Any party may designate as "Confidential" or "Confidential–Attorneys' Eyes Only" any documents or other materials that the designating party and its counsel reasonably believe contain or reflect Confidential Information or Confidential–Attorneys' Eyes Only Information. The designation of documents or other materials shall be made by written notice in the documents or materials designated. The designation of portions of testimony shall be made on the record and/or promptly after receipt of a transcript thereof by the designating party. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 9.

    Within ten days of the entry of this Order, any party may serve a notice of designation of "Confidential" or "Confidential–Attorneys' Eyes Only" material with respect to any materials produced or filed prior to the entry of this Order that were not so designated.

    4.a.    <u>Use and Access of Confidential Information</u>. Except upon the Court's further order or by express written consent of counsel of record, any Confidential Information furnished in this action by any of the parties, entities, or individuals referred to in the introductory paragraph herein shall be used by the receiving party solely for purposes of prosecuting or defending this action and shall not be disclosed to any persons other than:

    (i)    the attorneys for the parties in this proceeding and to other attorneys, paralegals, law clerks, clerical staff, and document vendors working with those attorneys;

    (ii)    officers or employees of the parties to the extent necessary to defend or prosecute this action;

    (iii)    experts or consultants retained or employed by any party for the purposes of this action, provided that said experts or consultants have executed a certification in accordance with Paragraph 5 below;

    (iv)    any court reporter or typist recording or transcribing testimony in this action; and

    (v)    other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court.

    4.b.    <u>Use and Access of Confidential–Attorneys' Eyes Only Information</u>.

The above paragraph 4.a., except for subparagraph 4. a. (ii) above, also governs the use and disclosure of Confidential–Attorneys' Eyes Only Information. Except upon the Court's further order or by express written consent of counsel of record, any Confidential–Attorneys' Eyes Only Information furnished under this Order shall not be disclosed to any party or its/his officers or employees.

5.  <u>Certification of Confidentiality</u>. All persons referred to in paragraph 4.a.(iii) to whom material covered by this Order is made available shall agree in writing to the following certification:

> I certify my understanding that documents, information, testimony, answers, and responses provided by Plaintiffs/Counterdefendants Ronald McGehee or McGehee Development Company LLC or Counterdefendant Patrick Doyle, or by Defendants/Counterclaimants Coe Newnes/McGehee ULC, The Coe Manufacturing Company, or Brian Esher, are provided to me pursuant to the terms and restrictions of the Court's Revised Protective Order of _____, 2005 in *Ronald McGehee, et al. v. Coe Newnes/McGehee ULC*, Case No. C-03-5145 MJJ ("Order"). I have been given a copy and have read that Order.
>
> I understand that such information and documents, and any copies, any notes or other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding.
>
> I wish to join and agree to be bound by the terms of that Order, and I submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing that Order.

6.  <u>Safeguarding Information</u>. The recipient of any Confidential Information or Confidential–Attorneys' Eyes Only Information provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

7.  <u>Service and Filing Procedures</u>. All Confidential or Confidential–Attorneys' Eyes Only Information served on the opposing party shall be designated as "Confidential" or "Confidential–Attorneys' Eyes Only" in accordance with Paragraph 3. All Confidential or Confidential–Attorneys' Eyes Only Information filed with the Court shall be designated as "Confidential" or "Confidential–Attorneys' Eyes Only" in accordance with Paragraph 3 and shall

be lodged with a request to file under seal in accordance with Northern District of California Civil Local Rule 79-5.

8. Final Disposition. Within sixty days after the conclusion of this action, including any appeals, all Confidential Information and Confidential–Attorneys' Eyes Only Information furnished pursuant to the terms of this Order, any notes reflecting that Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain attorney work product materials.

9. Challenging Confidential or Confidential–Attorneys' Eyes Only Designation. If a party opposes the designation of any particular document designated as "Confidential" or "Confidential–Attorneys' Eyes Only," the parties must follow Magistrate Judge James's standing orders for discovery disputes and shall attempt to resolve the dispute by meeting and conferring in person. If the parties are unable to resolve the dispute by agreement, then the parties shall submit a joint letter to Magistrate Judge James of no more than five (5) pages discussing the dispute. The letter should specify in detail how the contested designation impairs plaintiff's ability to prosecute his case and the damages that defendant anticipates from disclosing the information. The burden remains on the designating party to demonstrate that the material in question contains Confidential Information or Confidential–Attorneys' Eyes Only Information as described in Paragraph 2 of this Order. All materials designated "Confidential" or "Confidential–Attorneys' Eyes Only" shall be treated as prescribed in this Order during the meet and confer process and while any motion regarding the designation of such materials is pending.

10. Modification of Order. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the parties involved shall make a good faith effort to resolve the matter by meeting and conferring. Further, the parties can agree, without Court approval, on the exclusion of particular information, documents, answers, or responses from the scope of this Order. The parties hereto reserve all rights to apply to the Court for an order (i) modifying this

1  Order; (ii) seeking further protection against discovery or other use of Confidential Information or
2  Confidential–Attorneys' Eyes Only Information or documents, transcripts, or other materials
3  reflecting such Information; or (iii) seeking further production, discovery, disclosure or use of
4  claimed Confidential or Confidential–Attorneys' Eyes Only Information and/or documents,
5  transcripts, or other materials reflecting such Information.

6      11.    <u>Inadvertent Production</u>.  The inadvertent production pursuant to discovery by any
7  party of any document or communication that is protected by privilege, work product doctrine or
8  statutory confidentiality will not operate as a waiver of the producing party's right to assert a
9  defense to production of that document or communication, or any other document or
10  communication, and any such material shall be returned promptly to the party producing it on
11  written demand identifying the specific document(s).

12      12.    <u>Continuing Jurisdiction</u>.  This Order shall remain in full force and effect after the
13  termination of this litigation.  In addition, the Court shall retain jurisdiction over the parties, their
14  attorneys, and all other persons to whom Confidential or Confidential–Attorneys' Eyes Only
15  Information has been disclosed for the purposes of enforcing the terms of this Order and/or
16  redressing any violations thereof until ninety (90) days after the final disposition of this action,
17  including any appeals.

18      13.    <u>Enforcement</u>.  Other than an action pursuant to Paragraphs 3 and 9 challenging a
19  designation of confidentiality, should any party resort to legal action in a court of law in order to
20  enforce rights under this Order, then the prevailing party in such action shall be entitled to an
21  award of all reasonable costs incurred, including attorneys' fees.

22
23  IT IS SO ORDERED.
24  Dated:  June 22, 2005



27  / / /
28  / / /

APPROVED AS TO FORM.

Dated: June 16, 2005          STEPTOE & JOHNSON LLP

By: /s/ J. William Koegel, Jr.
J. William Koegel, Jr. (*pro hac vice*)
W. Chelsea Chen
Attorneys for Defendants/Counterclaimants
COE NEWNES/McGEHEE ULC, THE COE MANUFACTURING COMPANY, and BRIAN ESHER

Dated: June 15, 2005          COBLENTZ, PATCH, DUFFY & BASS, LLP

By: /s/ Howard Slavitt
HOWARD SLAVITT
Attorneys for Plaintiffs/Counterdefendants
RONALD W. McGEHEE and McGEHEE DEVELOPMENT COMPANY LLC and
Counterdefendant PATRICK DOYLE